IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles D. Nethercutt, #20343, | C/A No.: 1:20-944-RBH-SVH |
| Plaintiff, | |
| vs. | ORDER AND NOTICE |
| Jeff Johnson and Jacqueline Wilson, | |
| Defendants. | |

Charles D. Nethercutt ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against Florence County Detention Center ("Detention Center") Administrator Jeff Johnson ("Administrator") and Correctional Officer Jacqueline Wilson ("Officer") ("Defendants"), alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff is a pretrial detainee incarcerated at Detention Center. [ECF No. 1 at 2, 4]. He alleges he injured his back on June 14, 2018, after he tripped on a trash can lid that Officer placed on the stairs. *Id.* at 5. He states Officer opened his cell door at mealtime, and he descended the staircase closest to his

cell, tripping over a trash can lid on the third or fourth stair and injuring his back. [ECF No. 1-1 at 5]. He indicates he initially declined to visit the medical department, but later requested and received permission from Officer to do so. *Id.* at 5–6. He states he returned to his cell because no one was in the medical department at the time, but returned to the medical department the following day, where he was examined and received medication for pain. *Id.* at 6; ECF No. 1 at 6. He indicates he subsequently complained about being charged for his medical visit because it was not his fault, and Administrator refunded his money. *Id.*

Plaintiff alleges that on or about February 6, 2020,[1] Administrator denied him video visitation. [ECF Nos. 1 at 5, 1-1 at 2]. He specifically claims that he was unable to sign into the video visitation machine on February 6, 2020. [ECF No. 1-1 at 6]. He maintains he immediately filed a grievance and notified the information technology ("IT") department of the problem and subsequently notified Sergeant Neal that his rights were being violated. *Id.* He indicates he filed grievances addressing the problem on February 20, 21, and 25. *Id.* He admits his video visitation account was restored on February 26, 2020, but complains it showed no contacts and no funds. *Id.* Plaintiff alleges he

---

[1] In the attachment to the complaint, Plaintiff claims he was denied video visitation on February 6, 2018, instead of February 6, 2020. *See* ECF No. 1-1 at 2. However, he later references February 6, 2020 in the pleading. *See id.* at 6.

had a conversation with the IT supervisor, who stated Detention Center did not permit visitation, per Administrator's order. *Id.* at 7. He states his family members tried to contact him on several occasions while his account was not working and were informed Administrator does not permit onsite visitation when they attempted to schedule in-person visits. *Id.* He claims he is experiencing depression and sleepless nights because he is unable to see or speak to his family. [ECF No. 1 at 6].

Plaintiff alleges Defendants violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments to the Constitution. *Id.* at 4; ECF No. 1-1 at 1. He requests the court award him $60,000 in compensatory damages and $10,000 in punitive damages from Officer and enter a permanent injunction requiring Administrator to allow onsite visitation. *Id.* at 6; ECF No. 1-1 at 4. Plaintiff claims he has exhausted administrative remedies as to his back injury and that he has not received a response from Administrator as to his grievance regarding visitation. *Id.* at 8.

II. Discussion

    A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss

3

a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally

construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B. Analysis

1. Negligence Not Actionable Pursuant to 42 U.S.C. § 1983

Plaintiff alleges Officer violated his rights under the Fourteenth Amendment when she failed to protect and to provide safe conditions in Detention Center. [ECF No. 1-1 at 1]. Although Plaintiff asserts he is raising a claim under the equal protection clause of the Fourteenth Amendment,[2] ECF No. 1-1 at 1, his claim is actually one for negligence. Plaintiff claims Officer was negligent in leaving a trash can lid on the stairs and that he was injured as result of Officer's negligent act. [ECF No. 1 at 5–6].

---

[2] "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Plaintiff's allegations do not support an equal protection claim.

5

The law is well-settled that a claim of negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995). Thus, Plaintiff's negligence claim against Officer is subject to summary dismissal.

> 2. Failure to Allege Sufficient Facts to Support a Preliminary Injunction and a § 1983 Claim Against Administrator

Plaintiff alleges Administrator violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments to the Constitution by restricting Detention Center's visitation policy. [ECF Nos. 1 at 4, 6 and 1-1 at 1, 6–7]. He requests the court issue an injunction requiring Administrator to permit onsite visitation at Detention Center. [ECF Nos. 1 at 6, 1-1 at 4].

Plaintiff has not alleged sufficient facts to support the issuance of a preliminary injunction. "[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir. 1981). A plaintiff seeking a preliminary injunction is required to show: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the

public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff has also failed to allege sufficient facts to support a claim for relief pursuant to 42 U.S.C. § 1983. To state a plausible claim for relief under 42 U.S.C. § 1983,[3] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

Actions brought pursuant to 42 U.S.C. § 1983 by pretrial detainees are evaluated under the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535, 537 n. 16 (1979); *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). Because Plaintiff appears to allege Administrator has restricted visitation for all detainees within Detention Center, the undersigned interprets his claim as one alleging a violation of substantive due process. *See Williamson v. Stirling*,

---

[3] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally-guaranteed* rights and to provide relief to victims if such deterrence fails.

7

912 F.3d 154, 174 (4th Cir. 2018) (citing *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 250 (4th Cir. 2005); *Martin*, 849 F.2d at 870). "[T]o prevail on a substantive due process claim, the pretrial detainee must show that a particular restriction was either: '(1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective.'" *Id.* (quoting Slade, 407 F.3d at 251). Plaintiff's complaint alleges neither of these conditions.

Plaintiff has failed to allege Administrator's restrictive visitation policy served as punishment. "In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee." *Id.* at 535. The government may subject a pretrial detainee "to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." *Id.* at 536–37.

Plaintiff has also failed to allege the restriction on visitation is not reasonably related to a legitimate nonpunitive governmental objective. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the

8

detainee would not have experienced had he been released while awaiting trial." *Id.* at 540. Moreover, "effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment." *Id.* "[E]ven when an institutional restriction infringes a specific constitutional guarantee, such as the First Amendment, the practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." *Id.* at 547 (citing *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 129 (1977); *Pell v. Procunier*, 417 U.S. 817, 822, 826 (1974)).

In *Block v. Rutherford*, 468 U.S. 576, 588 (1984), the Supreme Court concluded a blanket prohibition on contact visitations for pretrial detainees was "an entirely reasonable, nonpunitive response to [] legitimate security concerns [], consistent with the Fourteenth Amendment." It held that "the Constitution does not require that detainees be allowed contact visits when responsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility." *Id.* at 589.

In light of the foregoing, Plaintiff has failed to allege facts necessary to support issuance a preliminary injunction, and his allegations against Administrator are subject to summary dismissal for failure to state a claim.

## NOTICE CONCERNING AMENDMENT

Although Plaintiff has failed to allege sufficient facts to support a claim, he may be able to cure deficiencies in his complaint through amendment. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015). Plaintiff may file an amended complaint by **March 30, 2020**, along with any appropriate service documents. **Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself.** *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district judge that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

March 9, 2020　　　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　United States Magistrate Judge